Filed 1/26/21  P. v. Wilson CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B304453 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA057146-01) |
| v. | |
| FRED WILSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jesse I. Rodriguez, Judge.  Affirmed.

Mark D. Lenenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Fred Wilson, convicted in 2004 on two counts of first degree murder, appeals the postjudgment order summarily denying his petition for resentencing under Penal Code section 1170.95.[1] Although we agree with Wilson that the superior court erred in relying on the true finding on firearm enhancement allegations to conclude he was the actual killer of both victims and that a felony-murder special-circumstance finding does not necessarily preclude relief, these errors were harmless because Wilson was ineligible for resentencing as a matter of law.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Wilson's Murder Convictions*

As detailed in our nonpublished opinion affirming Wilson's convictions on direct appeal (*People v. Wilson* (Nov. 16, 2005, B178497), Wilson and David Jonathon Harris walked into a store owned by Kyung Sun Kim (Sun) in late September 2001. Sun worked at the store with his brother Kyung Min Kim (Min) and another employee. After unsuccessfully bargaining over the price of two bottles of alcohol, Wilson and Harris left the store. Wilson and Harris returned to the store about 20 minutes later. Both men were armed. Harris forcibly entered the cash register area and shot Sun twice.

Sun's wife, Jenny, who worked at an adjoining market, saw Harris walking with a gun toward Barclay Street. After going back into the store to push the alarm button, she returned to the street and saw Wilson carrying a gun and a jar filled with money taken from the liquor store. When Jenny went back inside to push the alarm button again, she heard gun shots. Jenny ran to

---

[1] Statutory references are to this code.

the alley and discovered Min lying on the ground. Both Sun and Min died from multiple gunshot wounds.

Wilson was convicted following a jury trial on two counts of first degree murder (§§ 187, subd. (a), 189, subd. (a); counts 1-2), three counts of second degree robbery (§ 211; counts 3-5) and one count of possession of a firearm by a felon (former § 12021, subd. (a)(1); count 6). As to counts 1 and 2, the jury found true the special-circumstance allegations that the murders had been committed during the commission of a robbery (§ 190.2, subd. (a)(17)(A)) and that there were multiple murders (§ 190.2, subd. (a)(3)). As to counts 1 to 4, the jury also found true that Wilson had personally and intentionally discharged a firearm proximately causing death (§ 12022.53, subds. (b), (c) & (d)), and as to count 5 that Wilson had personally and intentionally used and discharged a firearm (§ 12022.53, subds. (b) & (c)).

In a bifurcated bench trial the trial court found Wilson had previously been convicted of robbery, a serious or violent felony, and had served one prior prison term within the meaning of section 667.5, subdivision (b). The trial court sentenced Wilson to an aggregate state prison term of two life terms without parole, plus 81 years to life. We affirmed the conviction on appeal but modified Wilson's sentence to strike the one-year prior-prison term enhancement imposed under section 667.5. (*People v. Wilson*, *supra*, B178497.)

2. *Wilson's Petition for Resentencing*

On November 22, 2019 Wilson, representing himself, filed a petition for resentencing under section 1170.95 and requested the court appoint counsel. On January 8, 2020 the superior court, "[b]ased on a preliminary review of the Petition," appointed the Alternative Public Defender to represent Wilson, and ordered the

3

District Attorney to file a response within 60 days. Wilson's appointed counsel appeared on behalf of Wilson the following day, and the superior court set a hearing for February 13, 2020. However, without receiving any additional briefing or holding oral argument, the superior court summarily denied the petition on January 14, 2020.

In its order denying the petition the superior court stated, "The court has received and reviewed a petition for recall and resentencing pursuant to [section] 1170.95. The petition is summarily denied because the petitioner is not entitled to relief as a matter of law, for the following reason: [¶] The petitioner was convicted of two murders. The court file reflects that the petitioner was the actual killer. [¶] As to both murder counts 1 and 2, the jury found the petitioner '[personally] and intentionally discharged a firearm, a handgun, which proximately caused death within the meaning of [section] 12022.53[, subsection] (D) to be true. [¶] The jurors also found the special circumstances of Penal Code section 190.2[, subdivision] (a)(3) to be true as to counts 1 and 2." The superior court explained that in making its ruling it had relied on the court file, the jury instructions that had been given at trial, and the completed verdict forms.

## DISCUSSION

1. *Senate Bill No. 1437 and the Section 1170.95 Petition Procedure*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019, significantly modified the law relating to accomplice liability for murder. (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*) [discussing Senate Bill 1437].) In its uncodified findings

4

and declarations the Legislature stated, "It is necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature also declared, "Except as stated in subdivision (e) of Section 189 of the Penal Code [relating to first degree felony murder], a conviction for murder requires that a person act with malice aforethought. A person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

The Legislature accomplished its goal by adding subdivision (a)(3) to section 188, and subdivision (e) to section 189. (*Gentile*, *supra*, 10 Cal.5th at pp. 842-843.) New section 188, subdivision (a)(3), eliminates the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder by providing, "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (See *Gentile*, at p. 839.) New section 189, subdivision (e), limits the felony-murder exception to the malice requirement, permitting a murder conviction for a death that occurred during the commission of certain serious felonies only when other specified circumstances relating to the defendant's individual culpability have been proved.[2]

_____

[2] Section 189, subdivision (e), provides with respect to a participant in the perpetration or attempted perpetration of a

5

Senate Bill 1437 also authorized, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime.  (See *Gentile*, *supra*, 10 Cal.5th at pp. 852-853.)  The petition must include a declaration by the petitioner that he or she is eligible for relief under section 1170.95 and a statement whether the petitioner requests the appointment of counsel.  (§ 1170.95, subd. (b)(1); see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 326-327 (*Verdugo*), review granted Mar. 18, 2020, S260493.)

If the petition contains all required information, section 1170.95, subdivision (c), prescribes a process for the court to determine whether an order to show cause should issue:  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The

---

felony listed in section 189, subdivision (a), in which a death occurs—that is, as to those crimes that provide the basis for the charge of first degree felony murder—that an individual is liable for murder "only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

6

prosecutor shall file and serve a response . . . and the petitioner may file and serve a reply. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (See *Verdugo, supra,* 44 Cal.App.5th at p. 327, review granted.)

As we held in *Verdugo, supra,* 44 Cal.App.5th at page 328, review granted, this language authorizes the superior court to proceed in two steps, "one made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that is, that the petitioner may be eligible for relief—and a second after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief." (Accord, *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054, review granted Sept. 23, 2020, S263939; *People v. Drayton* (2020) 47 Cal.App.5th 965, 975; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1177, review granted June 24, 2020, S262011; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, 118, review granted Nov. 10, 2020, S264684 [section 1170.95, subdivision (c), contemplates only one prima facie review before an order to show cause issues].)

Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1); see *Verdugo, supra,* 44 Cal.App.5th at p. 327, review granted.) At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3); *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 230.) The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their

7

respective burdens.  (See *People v. Tarkington* (2020)
49 Cal.App.5th 892, 898-899, review granted Aug. 12, 2020,
S263219; *People v. Drayton*, *supra*, 47 Cal.App.5th at p. 981;
*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1136, review granted
Mar. 18, 2020, S260598.)

> 2. *Wilson's Challenge to the Superior Court's Authority To*
> *Conduct a Prima Facie Review of His Eligibility for*
> *Relief Lacks Merit*

Arguing a petition for resentencing under section 1170.95
is a "special proceeding" and the jurisdiction of the superior court
is "limited by the terms of the conditions of the statute under
which it is authorized," Wilson contends the superior court may
only review the allegations in the petition for their facial validity;
if they state facts that would entitle the petitioner to relief,
Wilson asserts, the court must appoint counsel (if requested) and
hold an evidentiary hearing.  Wilson contends he met that "low
threshold" requirement by "checking the appropriate boxes" on
the form petition/declaration he completed and filed[3] and that the
superior court erred by "stepping outside the four corners of
appellant's petition to conduct an unauthorized investigation" to
deny the petition.

We rejected this argument in *Verdugo*, *supra*,
44 Cal.App.5th 320, review granted.[4]  *Verdugo* held the superior

---

[3]	Wilson argues he supplemented the allegations "with
documentary evidence" showing that he was not Sun's actual
killer, but no such evidence was attached to the form
petition/declaration filed in superior court.

[4]	The Supreme Court granted review in *Verdugo* (Mar. 18,
2020, S260493) and ordered briefing deferred pending its
disposition of *People v. Lewis*, *supra*, 43 Cal.App.5th 1128, review

court, after determining the petition is facially sufficient, may examine the readily available portions of the record of conviction to determine whether the petitioner made a prima facie showing that he or she could not be convicted of first or second degree murder following the amendments to sections 188 and 189 and thus is eligible for relief under section 1170.95. (*Verdugo*, at pp. 329-330, 332.) If the petitioner's ineligibility for resentencing can be established at this stage as a matter of law by the petition itself and the record of conviction, the petition may be summarily denied without the appointment of counsel. (*Id*. at pp. 330, 332-333; see also *People v. Perez* (2020) 54 Cal.App.5th 896, review granted Dec. 9, 2020, S265254; *People v. Lewis*, *supra*, 43 Cal.App.5th at pp. 1139-1140, review granted; but see *People v. Cooper*, *supra*, 54 Cal.App.5th 106, review granted.)

### 3. *The Superior Court Erred in Concluding Wilson Was Sun's Actual Killer*

Although admitting he was the actual killer of Min (count 2), Wilson contends the superior court erred in relying on the jury's true finding that he had personally discharged a firearm causing death (§ 12022.53, subd. (d))[5] as alleged in

---

granted, in which briefing and argument are limited to the following issues: "(1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?"

[5] Section 12022.53, subdivision (d), states, "Notwithstanding any other provision of law, any person who, in the commission of a felony specified in subdivision (a), Section 246, or subdivision (c) or (d) of Section 26100, personally and intentionally discharges a firearm and proximately causes great

9

connection with the murder of Sun (count 1), to establish he was also Sun's actual killer and, thus, ineligible for resentencing on that count. Wilson is correct, as the Attorney General concedes.[6]

The evidence established that Harris, not Wilson, shot and killed Sun. As we explained in affirming imposition of this firearm enhancement in Wilson's direct appeal, "as to the murder of Sun, the section 12022.53, subdivision (d), enhancement was properly imposed because Wilson personally discharged his firearm proximately causing the death of Min 'in the commission of' Sun's murder. . . . The number of enhancements imposed under section 12022.53, subdivision (d), is not limited by the number of actual injuries inflicted by Wilson's personal discharge of his firearm." (*People v. Wilson, supra*, B178497; see *People v. Oates* (2004) 32 Cal.4th 1048, 1055-1056 [under section 12022.53, subdivision (d), a defendant convicted of firing two shots at five people could be sentenced to five 25-year-to-life enhancements because the phrase "any person other than an accomplice" includes "a person other than the victim of the qualifying felony" who suffers death or great bodily injury].)

---

bodily injury, as defined in Section 12022.7, or death, to any person other than an accomplice, shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life."

[6] The Attorney General acknowledges, "[T]his enhancement does not *always* prove a defendant's actual killer status under all facts patterns, including here as to the murder of victim Sun."

### 4. *Wilson May Challenge the Special Circumstance Finding in a Section 1170.95 Petition*

Notwithstanding the superior court's error, the Attorney General contends Wilson's petition under section 1170.95 was properly denied because the jury found true the robbery-murder special-circumstance allegation with respect to Sun's murder, which required the jury to find that Wilson had acted with reckless indifference to human life and as a major participant in the robbery, making him ineligible for relief.[7] Although Wilson's conviction occurred before the Supreme Court clarified the requirements for the felony-murder special-circumstance allegation in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*),[8] the Attorney General insists the jury's finding should be given preclusive effect in this proceeding and any challenge to the evidentiary support for that finding must be made by petition for a writ of habeas corpus.

---

[7] Although the superior court did not rely on the special circumstance finding to deny Wilson's petition, the Attorney General argues the order can be affirmed if the ruling was correct on any lawful basis. (See *People v. Smithey* (1999) 20 Cal.4th 936, 972 ["""[A] ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion"""].)

[8] The Supreme Court in *Banks, supra,* 61 Cal.4th 788 identified factors courts should consider in determining whether a defendant was a "major participant" under section 190.2, subdivision (d): "What role did the defendant have in planning the criminal enterprise that led to one or more deaths? What role did the defendant have in supplying or using lethal weapons?

11

What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants?  Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death?  What did the defendant do after lethal force was used?" (*Banks*, at p. 803, fn. omitted.)

In *Banks* and *Clark* the Court explained that, to determine whether the defendant acted with reckless indifference, courts must "look to whether a defendant has '"knowingly engag[ed] in criminal activities known to carry a grave risk of death."'" (*Banks*, *supra*, 61 Cal.4th at p. 801.)  Specifically, "[t]he defendant must be aware of and willingly involved in the violent manner in which the particular offense is committed, demonstrating reckless indifference to the significant risk of death his or her actions create." (*Ibid*.)  As expressed in *Clark*, "'reckless indifference' . . . encompasses a willingness to kill (or to assist another in killing) to achieve a distinct aim, even if the defendant does not specifically desire that death as the outcome of his actions." (*Clark*, *supra*, 63 Cal.4th at p. 617.)

To assist appellate review of the jury's finding, *Clark* set out a series of considerations relevant to determining whether a defendant had acted with reckless indifference to human life. (*Clark*, *supra*, 63 Cal.4th at pp. 618-622.)  But "[j]ust as [the court] said of the factors concerning major participant status in *Banks*, '[n]o one of these considerations is necessary, nor is any one of them necessarily sufficient'" to establish whether a defendant acted with reckless indifference to human life. (*Clark*, at p. 618, quoting *Banks*, *supra*, 61 Cal.4th at p. 803.)

Notably, *Banks* and *Clark* did not expressly require that juries be instructed on those clarifications.  Optional language describing the *Banks*/*Clark* factors was added to the CALCRIM instructions, but not mandatory language.  (See CALCRIM

12

Although the Attorney General's position has been upheld in several court of appeal decisions, we reject it, as have other courts of appeal, as ignoring the plain language of section 1170.95, as well as the Legislature's express intent in enacting this remedial provision.

Enacted in 1990, section 190.2, subdivision (d), provides that "every person, not the actual killer, who, with reckless indifference to human life and as a major participant, aids, abets, counsels, commands, induces, solicits, requests, or assists in the commission of a felony enumerated in paragraph (17) of subdivision (a) which results in the death of some person or persons, and who is found guilty of murder in the first degree therefor, shall be punished by death or imprisonment in the state prison for life without the possibility of parole if a special circumstance enumerated in paragraph (17) of subdivision (a) has been found to be true under Section 190.4." (See *People v. Law* (2020) 48 Cal.App.5th 811, 822, review granted July 8, 2020, S262490 ["[s]ection 190.2, subdivision (d) was enacted in 1990 to bring state law into conformity with prevailing Eighth Amendment doctrine, as set out in the United States Supreme Court's decision *Tison v. Arizona* (1987) 481 U.S. 137"].) Later, "our Supreme Court's opinions in *Banks* and *Clark* merely clarified the meaning of section 190.2—*Banks* and *Clark* merely

---

No. 703.) Accordingly, a correctly instructed post-*Banks*/*Clark* jury will not necessarily have received instructions that differ from those given to a pre-*Banks*/*Clark* jury that made a major participant/reckless indifference finding. The instructions—and thus the factors, issues and questions the juries considered and answered—might be exactly the same. The only necessary difference is at the level of appellate review.

13

clarified the 'major participant' and 'reckless indifference to human life' principles that existed when defendant's conviction became final." (*In re Miller* (2017) 14 Cal.App.5th 960, 977-978; accord, *In re Scoggins* (2020) 9 Cal.5th 667, 671; *In re Ramirez* (2019) 32 Cal.App.5th 384, 407; *People v. Allison* (2020) 55 Cal.App.5th 449, 458.)

In *People v. Galvan* (2020) 52 Cal.App.5th 1134 (*Galvan*), review granted October 14, 2020, S264284, the court of appeal concluded that allowing a petition under section 1170.95 to challenge the evidentiary support for the felony-murder special-circumstance finding would give defendants convicted before *Banks* and *Clark* "an enormous advantage" because "Defendants convicted after the Supreme Court issued its decisions in *Banks* and *Clark* would be required to challenge the sufficiency of the evidence of the special circumstances finding on direct appeal, where the People would need only to show that substantial evidence supporting that finding. . . . But where, as here, a defendant was convicted before *Banks* and *Clark*, if the defendant could bring a collateral challenge under section 1170.95, the prosecution would be required to prove the special circumstance beyond a reasonable doubt [and] nothing in the language of Senate Bill No. 1437 suggests that the Legislature intended unequal treatment of such similarly situated defendants." (*Galvan*, at pp. 1142-1143; accord, *People v. Murillo* (2020) 54 Cal.App.5th 160, 168, review granted Nov. 18, 2020, S264978 ["[b]y requiring a defendant to seek relief via habeas corpus, we avoid creating a disparity in which similarly situated defendants' cases are evaluated under different standards based solely on the date of their convictions"]; *People v. Gomez* (2020) 52 Cal.App.5th 1, 17, review granted Oct. 14, 2020, S264033.)

These decisions misperceive the nature of the section 1170.95 petition, which challenges the murder conviction, not the special circumstance finding. (*People v. York* (2020) 54 Cal.App.5th 250, 260, review granted Nov. 18, 2020, S264954 ["section 1170.95 permits a petitioner to challenge a *murder conviction*. If that challenge succeeds, then under section 1170.95, subdivision (d)(3), the special circumstance is vacated as a collateral consequence"].)

To be sure, section 189, subdivision (e)(3), as amended by Senate Bill 1437, is now "the same as the standard for finding a special circumstance under section 190.2[, subdivision] (d) as the former provision expressly incorporates the latter." (*In re Taylor* (2019) 34 Cal.App.5th 543, 561; accord, *People v. York, supra*, 54 Cal.App.5th at p. 258, review granted ["[t]he language of section 189, subdivision (e)(3), as amended by Senate Bill 1437, tracks the language of the special circumstance provision"].) But "[w]hat permits a defendant convicted of felony murder to challenge his or her murder conviction based on the contention that he or she was not a major participant in the underlying felony who acted with reckless indifference to human life, are the changes Senate Bill 1437 made to sections 188 and 189, and in particular the addition of section 189, subdivision (e)(3), not the rulings in *Banks* and *Clark*." (*York*, at p. 261.) Thus, Wilson's petition is made possible by the changes made to section 189, not because of the clarifications made in *Banks* and *Clark*. (§ 1170.95, subd. (a)(3) [allowing petition if "the petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019"].)

We also disagree with the Attorney General to the extent he argues the "plain language" of subdivision (f) of

section 1170.95 provides a defendant is only entitled to relief once he or she "has previously *sought* and *actually obtained Banks*/*Clark* relief on appellate or habeas review." Subdivision (f) states, "This section does not diminish or abrogate any rights or remedies otherwise available to the petitioner." That language preserves a petitioner's rights. It does not limit them, as the Attorney General suggests. Nothing in subdivision (f) indicates a defendant is required to obtain *Banks*/*Clark* relief before filing a section 1170.95 petition. (See *People v. Scott* (2014) 58 Cal.4th 1415, 1421 [""'[w]hen the language of a statute is clear, we need go no further"'"]; *People v. Murphy* (2001) 25 Cal.4th 136, 159 [the Legislature "knows how to use language clearly expressing [its] intent"]; cf. *People v. Morales* (2016) 63 Cal.4th 399, 408 [finding that similar statutory language under Proposition 47 "protects a person 'from being forced to choose between filing a petition for a recall of sentence and pursuing other legal remedies to which they might be entitled (e.g., petition for habeas corpus)'"].)

> 5. *A Pre-*Banks/Clark *Special Circumstance Finding Alone Does Not Preclude Relief Under Section 1170.95*

The Attorney General alternatively argues, citing *Galvan*, *supra*, 52 Cal.App.5th at page 1142, review granted, a pre-*Banks*/*Clark* special-circumstance finding renders a defendant ineligible for relief under section 1170.95 because "a defendant who suffered a felony murder special circumstance conviction before Senate Bill 1437 could still be convicted of felony murder under the changes Senate Bill 1437 made to section 189." As the Attorney General explains, Wilson's jury was instructed that to convict him of the special circumstances under section 190.2, subdivision (a)(17), it had to find either that

16

he was the actual killer (with or without intent to kill), that he aided and abetted murder with the intent to kill, or that he aided and abetted the felony that led to the victims' deaths while acting as a major participant with reckless indifference to human life, the same element now found in section 189, subdivision (e)(3).

We agree with those recent court of appeal decisions, including *People v. Drayton*, *supra*, 47 Cal.App.5th 965 and *People v. Torres*, *supra*, 46 Cal.App.5th 1168, review granted, that have rejected this analysis and have held a special circumstance finding pre-*Banks/Clark* is insufficient, without more, to deny a section 1170.95 petition. Because the evidence supporting such a special circumstance finding was not reviewed under the standards set forth in *Banks* and *Clark*, the superior court can determine a petitioner like Wilson is ineligible for relief as a matter of law only after reviewing the available record of conviction in light of the *Banks* and *Clark* factors. (See *Verdugo*, *supra*, 44 Cal.App.5th at p. 330, review granted ["[t]he record of conviction might also include other information that establishes the petitioner is ineligible for relief as a matter of law because he or she was convicted on a ground that remains valid notwithstanding SB 1437's amendments to sections 188 and 189"]; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [record must show defendant is "indisputably ineligible for relief"].)

Finally, we disagree with the Attorney General's argument that section 1170.95, subdivision (d)(2), supports his position that a pre-*Banks/Clark* felony-murder special-circumstance finding necessarily has preclusive effect. That subdivision provides, "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a

17

major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." The Attorney General contends this provision means "the Legislature understood that a defendant stands validly convicted of a felony murder special circumstance until overturned under *Banks* and/or *Clark*." As other courts have observed, nothing in the language of subdivision (d)(2) supports the Attorney General's argument. (See *York, supra*, 54 Cal.App.5th at pp. 260-261, review granted [subdivision (d)(2) "does not state that a true finding on a special circumstance allegation automatically precludes relief. To the contrary, its language implies that there is no such bar to eligibility"; "[i]f the Legislature had intended such a finding automatically to preclude eligibility for relief, it could have said so"]; *People v. Smith* (2020) 49 Cal.App.5th 85, 94, review granted July 22, 2020, S262835 ["[t]here is no corresponding provision indicating that a jury's prior special circumstance true finding, or a Court of Appeal's affirmation thereof, operates as an automatic statutory bar to eligibility"]; see also *People v. Murphy, supra*, 25 Cal.4th at p. 159 ["the Legislature has shown that when it wants a sentence calculated without consideration of some circumstance, it knows how to use language clearly expressing that intent"]; but see *Galvan, supra*, 52 Cal.App.5th at p. 1142, review granted ["[a]lthough Galvan is asserting that he could not now be convicted of murder, the alleged inability to obtain such a conviction is not 'because of changes' made by Senate Bill No. 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*"].)

6. *Wilson Is Ineligible for Relief as a Matter of Law*

As discussed, in *Verdugo* we held to determine whether the petitioner is eligible for relief (the first prima facie review), the court must examine the readily available record of conviction, which will at least include the complaint, information or indictment filed against the petitioner; the verdict form or factual basis documentation for a negotiated plea; and the abstract of judgment.  (*Verdugo*, *supra*, 44 Cal.App.5th at pp. 329-330, review granted.)  We also held, "A court of appeal opinion, whether or not published, is part of the appellant's record of conviction."  (*Id.* at p. 333.)

In summarily denying Wilson's petition the superior court erred in concluding Wilson was the actual killer based on the imposition of a section 12022.53, subdivision (d), enhancement on count 1 and did not consider the significance of the jury's felony-murder special-circumstance finding, let alone evaluate that finding under *Banks* and *Clark*.  Nonetheless, the Attorney General argues review of the record of conviction, including our opinion on Wilson's direct appeal, demonstrates Wilson is ineligible for relief as a matter of law and the superior court's errors are harmless.  (See *People v. Law*, *supra*, 48 Cal.App.5th at p. 825, review granted [although the trial court erred by concluding the special circumstance finding, on its own, rendered petitioner ineligible for relief, the error was harmless because the record demonstrates he qualified as a major participant who had acted with reckless indifference to human life under *Banks* and *Clark*]; see also *In re Miller*, *supra*, 14 Cal.App.5th at pp. 979-980 [defendant's claim the evidence failed to support the robbery-murder special circumstance does not require resolution of disputed facts; "the facts are a given, they are just legally

19

insufficient under section 190.2 as elucidated in *Banks* and *Clark*"].)

Wilson, in contrast, argues a remand is necessary so he can present "new or additional evidence" in support of his claim he was not a major participant who acted with reckless indifference to human life during the killing of Sun. (See *People v. Smith, supra,* 49 Cal.App.5th at p. 94 ["Section 1170.95 provides 'the petitioner may rely on the record of conviction or offer new or additional evidence to meet [his] burden[ ].' [Fn. & citation omitted.] It is conceivable that [defendant] may be able to provide evidence not presented at trial that would demonstrate either that he was not a major participant in the robbery or did not act with reckless indifference to human life. . . . [¶] We therefore cannot conduct our own assessment of the trial evidence to determine whether Smith was a major participant and acted with reckless indifference to human life, or to use that record evidence to inquire whether the deprivation of counsel was harmless error"].)

We agree with the Attorney General that harmless error review is appropriate on appeal of a denial of a section 1170.95 petition. The relief provided by this section is a legislative "act of lenity" designed to give inmates the ameliorative benefit of changes to applicable criminal laws. (*People v. Gentile, supra,* 10 Cal.5th at p. 853 ["[s]imilarly here, Senate Bill 1437 creates a specific mechanism for retroactive application of its ameliorative provisions"]; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1114-1115, review granted Nov. 13, 2019, S258175 ["'[T]he retroactive relief they are afforded by Senate Bill 1437 is not subject to Sixth Amendment analysis. Rather, the Legislature's changes constituted an act of lenity that does not implicate defendants'

Sixth Amendment rights'"]; see *People v. Edwards* (2020) 48 Cal.App.5th 666, 675, review granted July 8, 2020, S262481 [any error in not appointing counsel in a section 1170.95 petition was harmless under *Watson* where the petitioner did not "fall within the provisions of section 1170.95 as a matter of law"].)  As such, any error by the superior court would not provide a basis for reversal unless the petitioner can show a reasonable probability that he or she would have obtained a more favorable result absent the error.  (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 676 ["we hold that a defendant like Daniel whose petition is denied before an order to show cause issues has the burden of showing 'it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing'"]; see also *People v. Epps* (2001) 25 Cal.4th 19, 29 ["because the error is purely one of state law, the *Watson* harmless error test applies"]; *People v. Johnson* (2016) 1 Cal.App.5th 953, 968 [*Watson* harmless error standard applied to superior court's error on a defendant's resentencing petition under Proposition 47].)

Among the factors the Supreme Court identified in *Banks* and *Clark* to help determine whether a defendant can be found to have been a major participant who acted with reckless indifference to human life during a felony murder are his or her awareness of the particular dangers posed by the nature of the crime and the weapons used; the defendant's physical presence at the crime and his or her ability to facilitate or prevent the actual murder; and the defendant's actions after the use of lethal force. (See *Clark*, *supra*, 63 Cal.4th at pp. 618-622; *Banks*, *supra*, 61 Cal.4th at p. 803.)  Evaluating Wilson's record of conviction,

21

particularly our opinion on his direct appeal, in light of these considerations, it is beyond dispute Wilson was a major participant in the robbery of Sun and acted with reckless indifference to Sun's life. Wilson entered the liquor store on two occasions in concert with Harris, the actual shooter. Both men were armed. Wilson, in possession of the stolen money immediately following the robbery and murder of Sun, shot Min in the alley to facilitate his and Harris's escape. Thus, Wilson, physically present at the scene, not only made no effort to minimize the possibility of violence but also actively caused it to escalate after he and Harris left the store.

In sum, the record of conviction establishes Wilson's ineligibility for relief under section 1170.95 as a matter of law. Any error in the superior court's evaluation of his petition was harmless.

## DISPOSITION

The order denying Wilson's petition for resentencing is affirmed.


PERLUSS, P. J.


We concur:


SEGAL, J.


FEUER, J.

22